## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JOANNE M. QUINT,                                )<br>                                                               )<br>            *Plaintiff*                             )<br>                                                               )<br>v.                                                           )<br>                                                               )<br>JO ANNE B. BARNHART,                     )<br>**Commissioner of Social Security,**   )<br>                                                               )<br>            *Defendant*                          ) | *Docket No. 05-135-B-W* |

## *REPORT AND RECOMMENDED DECISION[1]*

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges that she is disabled by cervical spondylosis, spinal stenosis and osteophyte formation, and chronic pain, is capable of returning to past relevant work as a licensed nursing assistant. I recommend that the decision of the commissioner be vacated and the case remanded for further development.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff lacked the residual functional capacity ("RFC") to lift and carry more than ten pounds; stoop more than occasionally; squat, kneel or

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on
*(continued on next page)*

crawl; or engage in repetitive reaching above shoulder level, although she was capable of standing and walking for a total of up to six hours in a workday, Finding 5, Record at 23; that her past relevant work as a licensed nursing assistant did not require the performance of work functions precluded by her medically determinable impairments, Finding 6, *id*.; and that she therefore had not been under a disability at any time through the date of decision, Finding 7, *id*.[2]  The Appeals Council declined to review the decision, *id*. at 6-8, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).[3]

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20

---

March 2, 2006, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

[2] Inasmuch as the plaintiff had acquired sufficient quarters of coverage to remain insured for purposes of SSD through at least June 30, 2005, *see* Finding 1, Record at 23 – subsequent to the date of issuance of the decision on January 13, 2004, *see id*. at 24 – there was no need to undertake a separate SSD analysis.

[3] The decision of which the plaintiff complains was issued following an October 7, 2003 rehearing held in the wake of a May 23, 2003 judgment and order of the United States District Court for the District of New Hampshire reversing a prior unfavorable decision and *(continued on next page)*

C.F.R. §§ 404.1520(e), 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The plaintiff complains that the vocational testimony given at hearing does not support the administrative law judge's Step 4 finding. *See generally* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 7). On this basis she seeks reversal and remand with instructions to award benefits for certain specific periods of disability. *See id*. at 4. I agree that remand is warranted; however, I discern no basis on which I can recommend remand with instructions to award benefits. Regrettably, the plaintiff has been waiting for more than five years for final word on the SSD and SSI applications in issue, which she filed on August 7, 2000. *See* Record at 19. However, in *Seavey v. Barnhart*, 276 F.3d 1 (1st Cir. 2001), the First Circuit made clear that "ordinarily the court can order the agency to provide the relief it denied only in the unusual case in which the underlying facts and law are such that the agency has no discretion to act in any manner other than to award or to deny benefits." *Seavey*, 276 F.3d at 11. While the plaintiff makes a compelling case that she cannot return to any past relevant work, she falls short of persuading me that she meets the *Seavey* standard. At the plaintiff's rehearing on remand, the vocational expert was not asked to address the question whether a person with the limitations found by the administrative law judge could perform other work (apart from past relevant work) existing in significant numbers in the national economy. *See* Record at 312-17. Inasmuch as it is unclear whether, for the finish, the plaintiff will be found entitled to benefits at Step 5 of the sequential-evaluation process, the case must be remanded for a Step 5 analysis.

---

remanding the case to the commissioner for further administrative proceedings. *See* Record at 106-11, 285.

## I. Discussion

To be deemed capable of returning to past relevant work, a claimant must retain the RFC to perform either "the actual functional demands and job duties of a particular past relevant job" or, "when the demands of the particular job which claimant performed in the past cannot be met, . . . the functional demands of that occupation as customarily required in the national economy[.]" *Santiago v. Secretary of Health & Human Servs.*, 944 F.2d 1, 5 & n.1 (1st Cir. 1991) (citations and internal quotation marks omitted); *see also, e.g.*, SSR 82-62 at 811.

The administrative law judge wrote, in relevant part:

> Ms. Quint testified that she is currently working as a licensed nursing assistant, and that she had done such work in the past. The vocational expert testified that Ms. Quint's description of her duties as an LNA was not identical to the description of the certified nurses' aide job described in the Dictionary of Occupational Titles. Nevertheless, Ms. Quint is performing the LNA job at the level of substantial gainful activity, and she testified that her employer is not making any special accommodations for her.

Record at 22-23.

The plaintiff testified that she had commenced a new LNA job that she had been doing for two weeks as of the time of hearing. *See id*. at 306-07. While the plaintiff denied that her employer made special accommodations for her, *see id*. at 307, she testified, in response to the question whether she did all of the things that an LNA does: "No, I don't Hoyer people, I don't lift people, I don't help them stand[,]" *id*. at 308. She indicated she did not have to do so because "I work with two of my best friends." *Id*. Her attorney then asked: "Because you work with your two best friends, even if the employer doesn't formally accommodate you[,] in effect your friends accommodate you by doing the heavy stuff, right?" *Id*. at 309. She responded: "Yes, they do." The plaintiff also testified that she had worked three of four scheduled days and then called in sick on the fourth day because of a back and shoulder problem. *See id*. at 305.

The vocational expert testified, with respect to past relevant work, that an individual with the RFC found by the administrative law judge would only be able to perform "the nurse's aid[e] position, which has been tailored to her needs. All of the positions require more reaching then [sic] what the hypothetical would allow." *Id*. at 316. The vocational expert had earlier explained:

> Now, if we take into consideration [the plaintiff's] testimony today and how this job has been, shall we say, tailored to her needs, I don't believe that the DOT consistently describes the job as she performs it accurately. And I don't believe the DOT puts a job out there that is thoroughly consistent with what she testified to. What she is doing is not something that we would find substantial gainful employment in, a substantial number in the local or national economy[;] that's something that has been tailored specifically to her needs.

*Id*. at 314.

The Record indicates, and counsel for the commissioner confirmed at oral argument, that the administrative law judge did not find the plaintiff capable of returning to an LNA job as generally performed in the national economy. *See id*. at 22-23. However, the vocational expert's testimony, combined with that of the plaintiff, cannot fairly be read as establishing that her LNA job, as actually performed, constituted past "relevant" work. Former work is considered vocationally relevant if it meets three criteria: "when it was done within the last 15 years, lasted long enough for [the claimant] to learn to do it, and was substantial gainful activity." 20 C.F.R. §§ 404.1565(a), 416.965(a); *see also, e.g.*, SSR 82-62 at 809. However, a job may not qualify as substantial gainful activity if performed under "special conditions," which include situations in which a claimant "required and received special assistance from other employees in performing [his or her] work" and in which a claimant was "allowed to work irregular hours or take frequent rest periods[.]" *Id*. §§ 404.1573(c)(1)-(2), 416.973(c)(1)-(2); *see also, e.g., Boyes v. Secretary of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994) ("If . . . a claimant's impairments prevent him from doing ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given

5

other people doing similar work, it may be sufficient to show that the claimant is not working at the substantial gainful activity level.") (citation and internal quotation marks omitted); *Long v. Shalala*, No. 93-7024, 1993 WL 425430, at \*\*2 (10th Cir. Oct. 19, 1993) ("A step-four determination may be based on the claimant's ability to return either to a previous occupation as it is typically performed (and described in the DOT) or to a particular job.  However, even the perhaps idiosyncratic duties associated with the latter must still comprise *a job* performed *by the claimant*.  Because plaintiff required substantial assistance with the responsibilities of the very position he occupied, we cannot fairly characterize it as *his* past relevant work.") (citations omitted) (emphasis in original); *McCormick v. Barnhart*, 95 Soc. Sec. Rep. Serv. 599, 611 (N.D. Cal. 2004) ("The Social Security regulations provide that an applicant's work will not be considered to be substantial gainful activity if the work is performed under special conditions that take into account the applicant's impairment.  Examples of such special conditions include the applicant's being permitted to work at a lower standard of productivity because of family relationship and being given the opportunity to work despite the applicant's impairment because of family relationship.") (citations and internal punctuation omitted).[4]

The plaintiff's testimony at hearing showed that as a direct result of her impairments, she required and received assistance from other employees in performing her work and did not work the full number of scheduled days.  There is no indication that the administrative law judge discredited this testimony, which was uncontroverted.  The vocational expert's testimony confirmed that the LNA job as performed in the manner described by the plaintiff was tailored specially to her needs and was not the sort of work that constitutes substantial gainful employment.  *See* Record at 314.

---

[4] In her Statement of Errors, the plaintiff asserted in a footnote that the LNA job she had performed for two weeks as of the time of her hearing "technically does not meet the criteria for past relevant work at step four at all but that is irrelevant to the outcome here." Statement of Errors at 2 n.1.  At oral argument, her counsel clarified that what she meant by this was that she was not pressing any
*(continued on next page)*

Inasmuch as (i) the vocational expert's testimony made clear that the plaintiff could return to only one past job – the LNA job as specially tailored to her needs, and (ii) the LNA job as so tailored was not vocationally relevant work, the Record is devoid of support for the Step 4 finding that the plaintiff could return to her past relevant work.[5] Accordingly, as discussed above, remand is warranted for the purpose of continuing the analysis to determine whether, during the period of time for which the plaintiff seeks benefits, she was able to perform other work existing in significant numbers in the national economy.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of March, 2006.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

claim that this work was of too short a duration to qualify as past relevant work.

[5] The Record indicates that the plaintiff had also performed LNA work part-time in 2002 for Huggins Hospital in Boston, earning total wages of $2,385.58. *See* Record at 148, 292, 306. However, I find no evidence concerning the manner in which the plaintiff performed that job, how long she worked there or why she left. Nor did the vocational expert testify that the plaintiff could return to that particular job. Thus, it has no bearing on the instant analysis. Tellingly, at oral argument, counsel for the commissioner expressly relied on the Huggins Hospital job only for the purpose of showing that the plaintiff had performed LNA work long enough to learn it, not for the purpose of showing that her LNA work constituted substantial gainful activity.