UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOANNE M. QUINT, | ) |
|       Plaintiff | ) ) ) |
| v. | )   Civil No. 05-135-B-W |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
|       Defendant | ) |

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

The plaintiff has applied for an award of attorney fees totaling $3,187.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action in which, with respect to her Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal, she obtained a remand for further proceedings before the Social Security Administration. *See generally* EAJA Application for Fees and Expenses ("Application") (Docket No. 14); Invoice, Attach. #1 to Application.

The commissioner concedes that (i) the plaintiff is a prevailing party entitled to an award of attorney fees, and (ii) some adjustment in the statutory hourly cap of $125 (set in 1996) is warranted for inflation, but she contests the methodology by which the plaintiff arrives at a flat hourly rate, for all work performed, of $170. *See generally* Defendant's Partial Opposition to Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act ("Response") (Docket No. 15); *see also, e.g., Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("On March 29, 1996, the statute [EAJA] was amended to increase the maximum fee to $125 per hour, plus any 'cost of living' and 'special factor' adjustments.  The $125 per hour cap applies to cases commenced on or after March 29, 1996.");

*Lechner v. Barnhart*, 330 F. Supp.2d 1005, 1011 (E.D. Wis. 2004) ("The EAJA allows for an award of reasonable attorney fees based upon prevailing market rates for the kind and the quality of the services furnished not to exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. Plaintiff must demonstrate the prevailing market rate and, if one is requested, show that a cost of living increase is warranted.") (citation and internal punctuation omitted).

The commissioner raises two points, one of which (as she correctly observes) this court previously has decided, and the second of which (although she does not acknowledge it as such) presents a question of first impression. *See generally* Response. With respect to the first point, as the commissioner notes, the plaintiff seeks reimbursement at a rate adjusted for inflation as of 2006 even though the bulk of the work in question was performed in 2005. *See id.* at 2; Invoice. The plaintiff's request is in that respect out of bounds. As this court has previously ruled, cost-of-living increases should be calculated as of the year of performance of legal services rather than as of the time of entry of judgment. *See Cogswell v. Barnhart*, No. Civ. 04-171-P-S, 2005 WL 1513121, at *1 (D. Me. June 24, 2005) (rec. dec., *aff'd* July 20, 2005).

The commissioner next suggests that the requested cost-of-living adjustment should be predicated on a different Bureau of Labor Statistics ("BLS") index than that proffered by the plaintiff. *Compare* Response at 2-3 & Attachment thereto *with* Affidavit in Support of Application for EAJA Fees ("Jackson Aff."), Attach. #2 to Application, ¶ 7 & Exh. B thereto. The commissioner relies on a national index – the Consumer Price Index – All Urban Consumers, Not Seasonally Adjusted, U.S. city average, All items ("CPI-U-ALL") – while the plaintiff proffers a local one – the Consumer Price Index – All Urban Consumers, Not Seasonally Adjusted, Boston-Brockton-Nashua, MA-NH-ME-CT, All items ("CPI-U-Boston"). *Compare* Attachment to Response *with* Exh. B to Jackson Aff.; Exh. D to

Plaintiff's Reply Memorandum Regarding EAJA Fees and Expenses ("Reply") (Docket No. 16). Not surprisingly, adjustment in accordance with the CPI-U-Boston results in a higher hourly fee than adjustment in accordance with the CPI-U-ALL. Using the CPI-U-Boston, the baseline for March 1996 is 162.8 and the annualized figure for 2005 is 216.4, *see* Exh. D to Reply, a difference of 53.6, or 32.92 percent. An increase of 32.92 percent in the cap of $125 results in adjusted hourly fee of $166.15 for work done in 2005. Using the CPI-U-ALL, the baseline for March 1996 is 155.7 and the annualized figure for 2005 is 195.3, *see* Attachment to Response, a difference of 39.6, or 25.43 percent. An increase of 25.43 percent in the cap of $125 results in an adjusted hourly fee of $156.79 for work done in 2005. Thus, choice of index (which in this case results in a difference of nearly $10 per hour) is of obvious significance to all concerned.

Inasmuch as appears, neither the First Circuit nor this court has had occasion to decide which BLS index should be used when calculating cost-of-living increases in EAJA attorney fees. Neither the plaintiff nor the commissioner cites caselaw or other authority in support of reliance on her preferred CPI-U chart, *see generally* Application; Response; Reply; however, my research reveals that courts confronting this issue have split on the question whether usage of national, regional or local CPI-U charts is appropriate. *See, e.g., Jawad v. Barnhart*, 370 F. Supp.2d 1077, 1083-85 (S.D. Cal. 2005) (canvassing caselaw; recognizing split of authority); *compare also, e.g., Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993) ("Plaintiff proposes to use the Department of Labor's Consumer Price Index (CPI) for Honolulu, which had increased 63.4% from October 1981 to the first half of 1992. . . . In all the cases the court has reviewed, however, including the cases cited by plaintiff, courts use the *national* CPI-U, which reflects the cost of living increase for all urban consumers.") (emphasis in original) *with Knudsen v. Barnhart*, 360 F. Supp.2d 963, 974 n.6 (N.D. Iowa 2004) ("The court notes that the CPI for 'all Urban Consumers, U.S. City Average, All Items' is

used by plaintiff's attorney in her request for fees. The more appropriate CPI would be one which is tied to the area where the service was performed. The 'All Urban Consumers, Midwest Urban, All Items' CPI table is available through the *www.bls.gov* website. Therefore, the court will use the CPI provided by the Midwest Urban table since that CPI is tied to the area where the service was performed.").

Fortunately, in *Jawad*, this court has the benefit of what fairly can be described as a scholarly treatment of this arcane but important matter. For a number of thoughtful and persuasive reasons, among them the following, the *Jawad* court sided with those favoring usage of a national index (the CPI-U-ALL):

1. Consistency with the plain language of the EAJA, which provides in relevant part that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in *the cost of living* . . . justifies a higher fee." *Jawad*, 370 F. Supp.2d at 1085 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added by *Jawad* court). As the *Jawad* court reasoned:

> This choice of language clearly implies a *national* cost-of-living adjustment that coincides with the *national* cap on attorney's fees. Moreover, a plain reading suggests that 'the cost of living' language refers to a national scale[,] especially since § 2412(d)(2)(A) created a *national* cap for attorney's fees notwithstanding the obvious fact that the cost-of-living and the prevailing market rate for legal services vary greatly on a regional and local level throughout the United States.

*Id*. (emphasis in original).

2. Consistency with legislative history. *See id*. at 1085-86. Although the BLS began publishing CPI-U data for individual cities in 1978, Congress in creating the EAJA in 1980, reenacting it in 1985 and amending it in 1996 inserted no language directing a localization or regionalization in cost-of-living adjustments. *See id*.; *see also id*. at 1086 ("Congress had every opportunity to expressly include local or regional language for determining the cost-of-living adjustment. The fact that Congress did not insert any such language is telling here.") (footnote omitted).

4

      3.      Consistency with legislative purpose. *See id*. at 1087. As the *Jawad* court observed:

> The purpose of the national cap is essentially two-fold: (1) to protect the public fisc; and (2) to encourage challenges to agency action and provide a disincentive to prolong the litigation process. Using the national index over the local/regional indexes serves both purposes. The national index ensures that the cost-of-living adjustment is uniform for all attorney's fee awards throughout the United States thereby equalizing the impact on the public fisc. At the same time, using the national index encourages challenges to agency action because it ensures that attorney fee awards may be enhanced to reflect an increase in the cost-of-living.

*Id*. (footnote and citations omitted).

      4.      Avoidance of technical difficulties and resultant anomalies; for example, the local CPI-U is not readily available for specific areas and is published only semiannually or bimonthly for some areas, and, in some cases, lawyers perform work for clients in different locations. *See id*. at 1087-88 & n.18.[1] "Using the national CPI-U, which applies to the entire United States as a whole, avoids the availability and practicality problems inherent in using the local/regional indexes. The national index provides uniformity regardless of where the legal services were performed or the federal court sits." *Id*. at 1088. In addition, "the BLS itself reports that the local index has a much smaller sample size than the national index and is therefore subject to *substantially* more sampling and other measurement error." *Id*. (emphasis in original) (footnote omitted). "Thus, the national index serves as a more reliable source for the CPI-U data." *Id*. at 1089.

      For the foregoing reasons, well-articulated by the *Jawad* court, I agree with the commissioner – and am confident that, if presented with the issue, the First Circuit would hold – that cost-of-living adjustments to attorney fees awarded pursuant to the EAJA should be made with reference to a national index, specifically, the CPI-U-ALL.

---

[1] For example, the CPI-U-Boston is published bimonthly. *See* Exh. D to Reply.

Accordingly, I recommend that the plaintiff be awarded a total of $2,951.93, representing payment of $2,391.05 for 15.25 hours expended in 2005 (at a rate of $156.79 per hour) and $560.88 for 3.5 hours expended in 2006 (at a rate of $160.25 per hour).[2]

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of May, 2006.

/s/ David M. Cohen  
David M. Cohen  
United States Magistrate Judge

---

[2] I depart in one particular from the commissioner's proposal. The commissioner suggested using the January 2006 CPI number to calculate the percentage increase for work done in January 2006 and the March 2006 CPI number to calculate the percentage increase for work done in March and April 2006 (the BLS not then having published the April number). *See* Response at 3 & n.2. Using that approach, she arrived at an hourly rate of $159.20 for work done in January and $160.40 for work accomplished in March and April. *See id.* at 3. In keeping with the spirit of using an annualized figure – and preventing fee calculation from becoming a needlessly complicated exercise – I adopt the approach of the *Jawad* court and average all available 2006 numbers (for January through April, the April number now having been published, *see* www.bls.gov), in that manner arriving at a single hourly fee for all work done in 2006 of $160.25. *See Jawad*, 370 F. Supp.2d at 1091 & nn. 27-28.