*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| JOANNE M. QUINT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-135-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| | ) | |
| Defendant | ) | |

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff applies for an award of attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), after securing an award of past-due benefits before the commissioner following remand of the instant Social Security Disability ("SSD" or "Title II") case by this court. *See* Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 19). I recommend that the Motion be granted, with the proviso that the plaintiff's counsel pay to his client a sum equal to a prior award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I. Background**

On April 28, 2005, the plaintiff executed a contingent-fee agreement with the law firm of Jackson & MacNichol addressing the appeal to this court of the commissioner's adverse decision. *See* Contingent Fee Agreement for Representation Before the Court With the Law Firm of Jackson & MacNichol ("Fee Agreement"), attached to Motion. Her case was transferred

to this court from the United States District Court for the District of New Hampshire on August 30, 2005.  *See* Docket No. 1.

The Fee Agreement provided, in relevant part: "Client agrees to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents benefits, subject to the approval of said fee by the court."  Fee Agreement ¶ 3(A).

Following briefing and oral argument, this court entered a judgment dated March 24, 2006, vacating the commissioner's decision and remanding the case for further proceedings.  *See* Judgment (Docket No. 13).  On April 24, 2006, the plaintiff filed a motion for attorney fees pursuant to the EAJA, which the court granted in the amount of $2,951.93.  *See* EAJA Application for Fees and Expenses (Docket No. 14); Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 18).

The plaintiff prevailed on remand and was awarded $53,392.00 in past-due benefits.  *See* Motion at 1 & n.1; Defendant's Response to Plaintiff's Counsel's Motion for an Award of Attorney's Fees Pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. Section 406(b) ("Response") (Docket No. 20) at 2.  By letter dated August 24, 2008, the Social Security Administration notified the plaintiff's counsel that, after paying $4,000 in attorney fees for work performed on remand at the agency level, it was continuing to withhold $9,348.00 in past-due benefits toward counsel fees pursuant to the Fee Agreement.  *See* Letter dated August 24, 2008, from Carolyn L. Simmons to Karen B. Fitzmaurice, attached to Motion.  The combined total of $13,348.00 equals 25 percent of the past-due benefits award of $53,392.00.

The plaintiff's counsel's invoice submitted for work performed in this court indicates that Jackson & MacNichol expended 18.75 hours of attorney time, billed at $170.00 per hour, to obtain the remand order that eventually led to the plaintiff prevailing in further proceedings

2

before the commissioner.  *See* [Invoice] re: Joanne Pray [Quint] dated April 24, 2006, attached to Motion.  The invoiced fee for attorney time thus totaled $3,187.50.

## II.  Analysis

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand.  *See, e.g., Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits – including First Circuit – in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b).  However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant.  *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due

Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

The commissioner has interposed no objection to the plaintiff's request for attorney fees pursuant to section 406(b) provided that the plaintiff's counsel refunds to his client the $2,951.93 in EAJA fees previously awarded by the court. *See* Response at 3. However, because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., Gisbrecht*, 535 U.S. at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to plot. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent-fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are large in relation to the amount of time counsel spent on the case (thereby

4

resulting in a windfall).  *See id.* at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

The plaintiff calculates her fee request of $9,348.00 as working out to an hourly rate of $690.00 for the 18.75 hours expended on this matter in this court.  *See* Motion at 8-9.  If that were the case, the requested fee award might implicate windfall concerns.  *See, e.g., Ogle v. Barnhart*, No. 99-314-P-H, 2003 WL 22956419, at *6 (D. Me. Dec. 12, 2003) (rec. dec., *aff'd* Jan. 21, 2004) ("[A]s a rule of thumb, a multiplier of two times a practitioner's usual and customary hourly rate provides adequate recompense for the taking of contingent-fee risk without raising windfall concerns.").  However, the plaintiff's math is wrong.  By my calculations, the hourly rate based on the requested fee is $498.56.

The commissioner reasons that, when one subtracts the $2,951.93 EAJA fee from the requested $9,348.00 section 406(b) award, leaving a balance of $6,396.07, the hourly rate works out to $341.00, approximately twice the invoiced hourly rate of $170 and therefore consistent with *Ogle*.  *See* Response at 3.  Yet his calculation is flawed, as well.  Even after refunding the $2,951.93 EAJA fee, the plaintiff's counsel in the commissioner's scenario still would receive a total of $9,348.00 for work performed in this court.  Absent refund to the client of EAJA fees, counsel would have received a total of $12,299.93 for that work.  Thus, the correct base from which to calculate the hourly rate is $9,348.00.

That said, I independently conclude that the requested fee award is reasonable in the circumstances.  The grant of the Motion would provide the plaintiff's counsel with more than 2½ times the invoiced fee of $170 per hour but less than three times that amount.  In *Ogle*, the plaintiff was awarded a section 406(b) attorney fee of 2½ times counsel's usual and customary fee in a case in which counsel secured a sizable past-due benefit award for his client, $118,908,

5

but did so on the basis of assertion of garden-variety statements of errors. *See Ogle*, 2003 WL 22956419, at *2, *5-*6. This case involved a more novel winning legal argument. *See* Plaintiff's Itemized Statement of Specific Errors (Docket No. 7) (in relying on vocational expert's testimony to support finding that the plaintiff could return to past relevant work, administrative law judge missed the nuance that the only job to which the expert testified the plaintiff could return was accomplished with accommodations and modifications). In the circumstances, the requested section 406(b) fee falls within the ambit of the reasonable.

### III. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED**, resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $9,348.00, with the proviso that the plaintiff's counsel be directed to refund the sum of $2,951.93 previously awarded in EAJA fees to his client.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of November, 2008.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge